MEMORANDUM **
Autonation and Mr. Wheels, Inc. d/b/a/ Power Toyota Cerritos (collectively “Auto-nation”) appeal a district court’s denial of their motion to compel arbitration. The district court had jurisdiction pursuant to 28 U.S.C. § 1331 because Autonation had previously removed the case, which alleged a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et. seq., to federal court. We exercise jurisdiction pursuant to 9 U.S.C. § 16(a)(l)(A)-(B), and we reverse and remand with instructions for the district court to compel arbitration regarding the scope of the arbitration agreement.
“[T]he question ‘who has the primary power to decide arbitrability’ turns upon what the parties agreed about that matter.” First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). “Generally, the *664 question of whether a dispute is arbitrable is decided by the courts. However, where the parties clearly and unmistakably provide otherwise, the courts will be divested of their authority and an arbitrator will decide in the first instance whether a dispute is arbitrable.” United, Bhd. of Carpenters & Joiners of Am., Local No. 1780 v. Desert Palace, Inc., 94 F.3d 1308, 1310 (9th Cir.1996) (internal quotation marks and citations omitted).
In this case the parties agreed “that any claims arising from or relating to this Lease or related agreements or relationships, including the validity, enforceability or scope of this Arbitration Provision, at your or our election, are subject to arbitration.” Multiple courts have found that similar language clearly and unmistakably empowers the arbitrator to decide questions of scope in the first instance. In Rodriguez v. Am. Techs., Inc., 136 Cal.App.4th 1110, 39 Cal.Rptr.3d 437, 446 (2006), an arbitration provision met this standard by incorporating the American Arbitration Association’s Construction Industry Rules, which specify that the “arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.” Similarly in In re Currency Conversion Fee Antitrust Litig., 265 F.Supp.2d 385, 404 (S.D.N.Y.2003), a court found a provision assigning any dispute “arising out of or relating to this Agreement, your Account, or the validity or scope of any provision of this Agreement” to be clear and unmistakable. Like the arbitration provisions at issue in the Rodriguez and Currency Conversion Fee, the provision at issue in this case explicitly assigns questions of “scope” and “validity” to the arbitrator.
We decline to reach the additional issues argued on appeal because those issues require a determination of the scope of the agreement, which the arbitrator must decide in the first instance.
We REVERSE and REMAND with instructions for the district court to COMPEL ARBITRATION regarding the scope of the arbitration agreement.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.